IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL PAUL POLZIN,

                Plaintiff,                OPINION AND ORDER

    v.

                                                24-cv-325-wmc

KERRY KELM, JONATHAN
LUNDEEN, and ANDREW MAKI,

                Defendants.

---

    Representing himself, plaintiff Michael Paul Polzin filed this lawsuit against defendants Kerry Kelm, Jonathan Lundeen, and Andrew Maki, asserting claims under 42 U.S.C. § 1983 for civil and criminal conspiracy "under color of law." (Dkt. #1.) He also alleges malicious prosecution and references violations of the right to due process and the right to counsel. Because plaintiff seeks leave to proceed without prepayment of the full filing fee, the court must screen his complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). In addressing any pro se litigant's complaint, the court must read the allegations generously, drawing all reasonable inferences and resolving ambiguities in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Because plaintiff's complaint does not meet the minimal pleading requirements of Federal Rule of Civil Procedure 8, the court will dismiss his complaint without prejudice and give him the opportunity to file an amended complaint to correct the deficiencies described below.

OPINION

Invoking 42 U.S.C. § 1983, plaintiff appears to seek leave to proceed against defendants Kelm, Lundeen, and Maki for violating his civil rights. To state a claim for relief under § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff does not explain who the defendants are or demonstrate that they qualify as state actors for purposes of a claim under § 1983. *See Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922, 923-24 (1982) ("State actors" can be very generally defined as government employees or those acting on the government's behalf.). Moreover, as outlined below, the complaint does not otherwise contain sufficient allegations for plaintiff to proceed against any of the proposed defendants.

Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the *allegations* against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis added). Even under the lenient pleading standard that applies to pro se litigants, dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Importantly, to demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional

2

deprivation. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional violation") (citation omitted). Plaintiff does not allege facts showing how any of the named defendants were personally involved in his claims.[1] Instead, plaintiff alleges that the defendants generally engaged in a conspiracy to violate his right to due process and to "fair and lawful representation," but he offers no details in support of this claim. "To establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights; and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007) (internal citation omitted). "Vague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden; a complaint must contain factual allegations suggesting that the defendants reached a meeting of the minds" with respect to violating the plaintiff's constitutional rights. *Mirbeau of Geneva Lake, LLC v. City of Lake Geneva*, 746 F. Supp. 2d 1000, 1008 (E.D. Wis. 2010) (quoting *Evers v. Reak*, 21 F. App'x 447, 450 (7th Cir. 2001)).

Plaintiff also generally accuses the defendants of malicious prosecution, but he provides no information about what criminal charges were lodged against him, when those charges were filed, or the result of those criminal proceedings. At a minimum, "a plaintiff

---

[1] Plaintiff also references Joel Larimore, the Menomonie Police Department, and the St. Croix County Sheriff. (Dkt. #1, at 3.) However, he does not name them as defendants in the caption of the complaint. *See* Fed. R. Civ. P. 10(a) ("In the complaint the title of the action shall include the names of all the parties"). Likewise, plaintiff does not offer any facts showing how Larimore or the other entities were involved with his claims.

must show that a government official charged him without probable cause, leading to an unreasonable seizure of his person." *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 558 (2024) (citing *Thompson v. Clark*, 596 U.S. 36, 43, and n. 2 (2022)). Here, however, plaintiff appears to reference a civil matter, though the case number is illegible and unaccompanied by a description of the type of proceeding. In addition, although plaintiff mentions the right to due process and the right to counsel, he does not articulate any facts explaining how a violation of those rights occurred or that would support a claim for relief.

Because the allegations are insufficient to satisfy the minimal pleading standard found in Rule 8, the court will dismiss plaintiff's complaint without prejudice and give him a brief window of time to file an amended complaint. Using the court's complaint form, plaintiff should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation, paying particular attention to providing details about his interactions with individual defendants. If he submits a proposed amended complaint by the deadline set forth below, the court will screen it under 28 U.S.C. § 1915(e)(2). If plaintiff does not file an amended complaint as directed, this case will be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Paul Polzin is DENIED leave to proceed, and his complaint is DISMISSED without prejudice, for failure to meet the minimal pleading requirements of Federal Rule of Civil Procedure 8.

2. Plaintiff has until **January 31, 2025,** to file an amended complaint that satisfies the requirements of Federal Rule of Civil Procedure 8. **Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing**

**this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).**

Entered this 3rd day of January, 2025.

                          BY THE COURT:

                          /s/

                          _____
                          WILLIAM M. CONLEY
                          District Judge